# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:12CR232(2) |
| | § | |
| OSWALDA TIBURCIA HERRERA | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANT'S MOTION TO SUPPRESS STATEMENT

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress Statements (Dkt. 69). After considering the record before the Court and the arguments of counsel at the hearing held on April 4, 2013, the Court finds that the motion should be GRANTED.

Defendant Oswalda Tiburcia Herrera is charged in this matter with conspiracy to transport illegal aliens and illegal alien transportation, in violation of 18 U.S.C. § 371, 8 U.S.C. §§ 1324(a)(1)(A)(ii)& (B)(1), and 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (a)(1)(B)(I). In her motion, Defendant seeks to suppress the statement she gave to law enforcement after her October 1, 2012 arrest. Defendant argues that she was not adequately advised of her *Miranda* rights and that she did not knowingly waive them. Defendant seeks to suppress the Government's use of her interview statement in its case-in-chief at trial.

In its response, the Government states that it does not intend to use the statement at trial. At the hearing on the motion, the Government further conceded that a review of the interview transcript

indicates that Defendant did not knowingly understand or waive her *Miranda* rights.

In order for the Government to introduce Defendant's statements, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and that the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id.*

Based on the Government's concession at the hearing and hearing no objection from the Government as to the suppression, the Court recommends that Defendant's Motion to Suppress Statements (Dkt. 69) be GRANTED and that the Government be precluded from using Defendant's post arrest statement in its case-in-chief.[1]

Following the hearing, counsel for the Defendant and Government waived their right to object to this report and recommendations. Therefore, it is presented to the District Judge for immediate consideration.

**SIGNED this 5th day of April, 2013.**

                                                                             DON D. BUSH
                                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] As noted by the Government, should Defendant testify at trial in a manner that is inconsistent with her statement, it may be admissible against her for impeachment purposes. *See Harris v. New York,* 401 U.S. 222, 91 S. Ct. 643, 28 L. Ed.2d 1 (1971). *See also Oregon v. Hass,* 420 U.S. 714, 722, 95 S. Ct. 1215, 1221, 43 L. Ed.2d 570 (1975); *Bradford v. Whitley*, 953 F.2d 1008, 1010 (5th Cir. 1992).